# No. 10-1558

In the United States Court of Appeals
for the Sixth Circuit

_____

# United States of America

Plaintiff-Appellee,

-vs-

# Andre Williams,

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Michigan
Southern Division

_____

## Brief for the United States

_____

Barbara L. McQuade
United States Attorney

Jeanine M. Jones
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9597
Jeanine.Jones@usdoj.gov

## Table of Contents

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Waiver of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The evidence demonstrated that Williams possessed
    marijuana with the intent to deliver. . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service & Filing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Relevant District Court Documents. . . . . . . . . . . . . . . . . . . . . . . . . 13

# Table of Authorities

<u>Cases</u>                                                              Page(s)

*People v. Fetterley*, 229 Mich. App 511 (1998). . . . . . . . . . . . . . . . . . . . . . 7

*People v. Wolfe*, 440 Mich. 508 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Kontrol*, 554 F.3d 1089 (6th Cir. 2009). . . . . . . . . . . . . 6


<u>Miscellaneous</u>                                                      Page(s)

18 U.S.C. § 3583(e)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mich. Comp. Laws § 333.7401(2)(d)(iii) . . . . . . . . . . . . . . . . . . . . . . . 5-8

USSG § 7B1.1(a)(1)(A)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

## Waiver of Oral Argument

The government respectfully submits that this case can, and should, be decided without oral argument.

## Issues Presented

Did the district court clearly err in finding the defendant possessed marijuana with the intent to deliver, a Grade A violation of the terms of his supervised release?

## Statement of the Case

Defendant Andre Williams pleaded guilty to conspiracy to utter and possess counterfeit securities of an organization, in violation of 18 U.S.C. §§ 513(a) and 371, in the Eastern District of Tennessee on November 3, 2005. (R.1: Plea Agreement). On March 10, 2006, the district court sentenced the defendant to 48 months' imprisonment followed by three years of supervised release. (R.1: Judgment of Sentence). The defendant's term of supervised release commenced on February 20, 2009. (R.1: Transfer of Jurisdiction). On July 1, 2009, jurisdiction for the defendant's supervised release was transferred to the Eastern District of Michigan. (R.1: Transfer of Jurisdiction). On March 24, 2010, a supervised release violation hearing was held. (R.12: Transcript of Supervised Release Violation Hearing). On April 2, 2010, the district court issued an opinion finding that the defendant had violated several conditions of supervised release. (R.8: Order). The

district court then sentenced the defendant to 24 months' imprisonment. (R.11: Judgment on Violation). The defendant filed a timely notice of appeal. (R. 9: Notice of Appeal).

## Statement of Facts

On August 27, 2009, at approximately 1:30 p.m., Redford Township Police Officer Brian Jones and other law enforcement personnel executed a search warrant at 8452 Heyden Street, in Detroit, Michigan. (R. 12: Jones, 3/24/10 Tr. at 19). The purpose of the warrant was to search the residence for evidence of drug activity. (R. 12: Jones, 3/24/10 Tr. at 19). When Officer Jones entered the home, he encountered four adult males, including defendant Andre Williams. (R. 12: Jones, 3/24/10 Tr. at 21). Officer Jones observed the defendant coming down a staircase. (R. 12: Jones, 3/24/10 Tr. at 23). The defendant and the other men were then detained. (R. 12: Jones, 3/24/10 Tr. at 23). Once officers secured the residence, they began looking for evidence. (R. 12: Jones, 3/24/10 Tr. at 23). The home was very small and appeared to be approximately 800 square feet. (R. 12: Jones, 3/24/10 Tr. at 24).

During the search, Officer Jones recovered two garbage bags from the northeast bedroom. The bags contained a total of seventeen gallon-sized baggies of marijuana. (R. 12: Jones, 3/24/10 Tr. at 25). From the northwest bedroom, Officer Jones recovered a black duffel bag containing five gallon-sized baggies of marijuana. (R. 12: Jones, 3/24/10 Tr. at 27). When he searched upstairs, Officer Jones observed an open area with a digital scale, two razor blades, screw drivers, and marijuana residue on top of a glass table, along with empty gallon-sized baggies on the floor. (R. 12: Jones, 3/24/10 Tr. at 29-30). Officer Jones did not believe anyone lived in the home. (R. 12: Jones, 3/24/10 Tr. at 31). There was no refrigerator, stove, dishes, or food in the kitchen, nor was there a washer or dryer in the basement. (R. 12: Jones, 3/24/10 Tr. at 32).

Redford Township Officer Eric Woodall assisted Officer Jones during the search. (R. 12: Woodall, 3/24/10 Tr. at 45). Officer Woodall found a shotgun behind the sofa in the living room. (R. 12: Woodall, 3/24/10 Tr. at 47). He also discovered a white plastic bag containing marijuana in the basement rafters. (R. 12: Woodall, 3/24/10 Tr. at 48).

Redford Township Officer John Strong was also at the scene during the search. (R. 12: Strong, 3/24/10 Tr. at 52). He saw the defendant on the stairs as law enforcement entered the house. (R. 12: Woodall, 3/24/10 Tr. at 53). Officer Strong detained the defendant and brought him into the living room. (R. 12: Strong, 3/24/10 Tr. at 53). Officer Strong then searched the defendant and found approximately $10,100 in cash in his right front pocket. (R. 12: Strong, 3/24/10 Tr. at 53). In the defendant's left front pocket, Officer Strong found keys belonging to a Jeep Cherokee parked in front of the house. (R. 12: Strong, 3/24/10 Tr. at 53). Following the search, the officers arrested all four men for gun and drug offenses. (R. 12: Jones, 3/24/10 Tr. at 33). The defendant did not disclose his arrest to the probation officer in charge of his supervised release. (R. 12: Elder, 3/24/10 Tr. at 61-62).

On April 2, 2010, after the government presented the testimony described above, the district court found that the defendant had committed one Grade A violation and three Grade C violations of his supervised release. (R. 8: Order at 1, 17-18). The district court then sentenced the defendant to 24 months' imprisonment. (R. 11: Judgment on Violation at 3).

## Summary of the Argument

The evidence supported the district court's finding by a preponderance of the evidence that the defendant possessed marijuana with the intent to deliver it. In Michigan, possession with intent to deliver marijuana is a felony punishable by a term of imprisonment exceeding one year, *see* Mich. Comp. Laws § 333.7401(2)(d)(iii), making it a Grade A violation of a defendant's supervised release under federal law, *see* USSG § 7B1.1(a)(1)(A)(ii). Here, the defendant was inside a home with marijuana in virtually every room. He had over $10,000 in cash in his pants pocket, and police officers caught him walking out of a room where there was marijuana residue, packaging material, a digital scale, and razors. Given these facts, the district court did not clearly err in finding that the defendant violated § 333.7401(2)(d)(iii), and thus, the district court correctly held that the defendant committed a Grade A violation of his supervised release. The defendant's sentence for violating the terms of his supervised release should be affirmed.

## Argument

### The evidence demonstrated that Williams possessed marijuana with the intent to deliver.

The government proved by a preponderance of the evidence that the defendant possessed marijuana with the intent to deliver, and the district court did not clearly err in finding that the defendant committed a Grade A violation of his supervised release.

This Court reviews a district court's revocation of a defendant's supervised release for an abuse of discretion. In doing so, it reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009). A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3).

Here, the defendant violated the mandatory condition prohibiting him from committing another federal, state, or local crime while on supervised release. Specifically, the defendant violated Mich. Comp. Laws § 333.7401(2)(d)(iii), which prohibits the possession of marijuana with the intent to deliver. Under § 333.7401(2)(d)(iii), the elements of

possession with intent to deliver marijuana are (1) the recovered substance is marijuana; (2) the defendant was not authorized to possess the marijuana; and (3) the defendant knowingly possessed the marijuana with the intent to deliver. *People v. Wolfe*, 440 Mich. 508, 516-517 (1992). "Possession with intent to deliver can be established by circumstantial evidence and reasonable inferences arising from that evidence, just as it can be established by direct evidence." *Id.* at 526. A person need not have physical possession of a controlled substance to be found guilty of possessing it. *Id.* at 519-520. "Possession may be either actual or constructive, and may be joint as well as exclusive." *People v. Fetterley*, 229 Mich. App 511, 515 (1998). In fact, a person can "possess" a controlled substance jointly with others. *Wolfe*, 440 Mich. at 520.

  The district court did not clearly err in finding, by a preponderance of the evidence, that the defendant possessed marijuana with the intent to deliver it, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). To start, the officers captured the defendant inside an 800 square foot home that can only be characterized as a drug house. Almost every single room in the house—including the bedrooms, kitchen, basement, and upstairs area—contained marijuana, packaging

supplies, or both. And there was a lot of marijuana: more than twenty gallon-sized bags of it, spread out in two different rooms. Moreover, several days earlier, a reliable informant had observed drug activity taking place at the house. The house had no refrigerator, dishes, or food in the kitchen. It did, however, have a firearm behind a sofa near the front door.

Most importantly, the officers caught the defendant walking out of an upstairs room that contained marijuana residue, a digital scale, razors, and packaging material in plain view. All of these items are commonly used or involved in the distribution of marijuana. Moreover, the packaging material in the upstairs room included over four boxes of gallon-sized, zip-lock freezer bags. These freezer bags were identical to the bags containing marijuana that the officers discovered in other rooms of the house. And, notably, the defendant had over $10,000—in cash—in his front pants pocket, despite being unemployed. Taking these facts together, the district court reasonably inferred that the defendant constructively possessed the marijuana and intended to deliver it. Mich. Comp. Laws § 333.7401(2)(d)(iii); *see Wolfe*, 440 Mich. at 524-526.

The defendant's arguments on appeal do not detract from the district court's findings—or demonstrate anything even approaching clear error. Even if the officers did not apprehend the defendant in the same room with the marijuana, they still observed him emerging from the room where the marijuana was packaged. Further, nothing in the record supports the defendant's argument that he was just hiding in the staircase when the officers arrived. (Williams Br. at 14). Even the defendant does not seriously contest that point, arguing only that "[p]otentially," he "could have stepped in there when the police raided." (Williams Br. at 14). The district court was not required to accept every possible inference in the defendant's favor—no matter how far-fetched—and it did not clearly err in rejecting the defendant's theory here. *See Wolfe*, 440 Mich. at 526. What's more, even if the defendant's version of the facts were true, hiding from the police would itself be evidence of his guilt.

Finally, although the defendant may be correct that possessing $10,100, "alone," is not sufficient evidence to convict him (Williams Br. at 16), he did not possess the money "alone." He possessed the money, in cash, in his front pants pocket, while emerging from a room set up to

package and distribute large quantities of marijuana—with bags and bags of marijuana scattered elsewhere in the house. As the district court explained, the preponderance of the evidence demonstrated that the defendant was, at the very least, "a principal or primary figure in this marijuana-selling operation." (R. 8: Order at 15).

Having correctly found that the defendant possessed marijuana with the intent to deliver, the district court then correctly held that the defendant's conduct was a Grade A violation of his supervised release. In Michigan, possession of marijuana with the intent to deliver is a crime punishable by a term of up to four years' imprisonment. Mich. Comp. Laws § 333.7401(2)(d)(iii). A Grade A violation of supervised release, in turn, includes any controlled substance offense punishable by a term of imprisonment exceeding one year. *See* USSG § 7B1.1(a)(1)(A)(ii). Thus, the defendant's violation of Mich. Comp. Laws § 333.7401(2)(d)(iii) qualified as a Grade A violation of his supervised release, and the district court did not abuse its discretion in sentencing him to 24 months' imprisonment.

## Conclusion

For all of these reasons, this Court should affirm the judgment of the district court.

>Respectfully submitted,
>
>Barbara L. McQuade
>United States Attorney
>
>
>Jeanine M. Jones
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, Michigan 48226
>(313) 226-9597
>Jeanine.Jones@usdoj.gov

Dated: January 4, 2011

## Certificate of Service & Filing

I hereby certify that on January 4, 2011, I caused the foregoing Brief for the United States to be electronically filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system which will send notification of such filing to the following:

>Loren Elizabeth Khogali
>Federal Public Defender Office

>s/ Jeanine M. Jones
>Assistant U. S. Attorney

## Relevant District Court Documents

| Record Number | Document Description | Date |
|---|---|---|
| R. 1 | Transfer of Jurisdiction | 07/31/09 |
|  | Indictment |  |
|  | Plea Agreement |  |
|  | Judgment |  |
| R. 8 | Order finding defendant violated supervised release | 04/02/10 |
| R. 9 | Notice of Appeal | 04/08/10 |
| R. 11 | Judgment | 04/16/10 |
| R. 12 | Transcript of Probation Violation Hearing on 03/23/10 | 09/16/10 |